UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN WESLEY PERRY, JR., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-0730-X |
| | § | |
| LAWRENCE MITCHELL, et al., | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM OPINION AND ORDER**

Under Federal Rule of Civil Procedure 41(b), the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff Perry's case against Defendants Lawrence Mitchell, District Court No. 4 Dallas County, and Felicia Pitre for failure to prosecute his case.

Perry filed his complaint on April 30, 2021. On May 2, 2021, the Court stayed the case pending resolution of a criminal matter against Plaintiff Perry. The Court warned Perry "(1) that he must file a motion to reopen the case within 60 days after entry of judgment in the applicable state criminal court case and (2) that the failure to do so may result in the dismissal without prejudice of this case for failure to prosecute and/or comply with an order of the Court."[1] Perry has never moved to reopen this case. Yet the Court's research shows that judgment was entered in the applicable state criminal court case more than a year ago.

---

[1] Doc. 4 at 6.

Rule 41(b) allows the Court to "dismiss the action or any claim against" the defendant if "the plaintiff fails to prosecute or to comply with these rules or a court order."[2]  Dismissal under Rule 41(b) may be *sua sponte*, but it may be with prejudice "only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action."[3]

Accordingly, under Federal Rule of Civil Procedure 41(b), the Court **DISMISSES WITHOUT PREJUDICE** Perry's case against Defendants for Perry's failure to prosecute his case and Perry's failure to comply with the Court's orders.

**IT IS SO ORDERED** this 16th day of August, 2023.

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[2] FED. R. CIV. P. 41(b).

[3] *Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996).